1  McGREGOR W. SCOTT
   United States Attorney
2  HEIKO P. COPPOLA
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900

5

6  Attorneys for Plaintiff
   United States of America

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  2:09-CR-00438-02 WBS

12                     Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13          v.                             FINDINGS AND ORDER

14  KAREN LEE,                             DATE: April 20, 2020
                                           TIME: 9:00 a.m.
15                     Defendant.          COURT: Hon. William B. Shubb

16

17          This case is set for a status conference on April 20, 2020.  On March 17, 2020, this Court issued

18  General Order 611, which suspends all jury trials in the Eastern District of California scheduled to

19  commence before May 1, 2020.  This General Order was entered to address public health concerns

20  related to COVID-19.

21          Although the General Order addresses the district-wide health concern, the Supreme Court has

22  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

23  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

24  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

25  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

26  at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

27  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

28  or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on April 20, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until June 22, 2020 at 9:00 a.m., and to exclude time between April 20, 2020, and June 22, 2020 at 9:00 a.m., under

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1  Local Code T4.

2       3.    The parties agree and stipulate, and request that the Court find the following:

3       a)    The government produced discovery associated with this case. The discovery thus

4  far consists of over 43,000 pages that have been provided to counsel. In addition, the government

5  has also made physical evidence available for review, which includes several hard drives that

6  were seized during the service of the search warrants.  All of this discovery has been either

7  produced directly to counsel and/or made available for inspection and copying.

8       b)    The United States recently provided defense counsel with a plea agreement that is

9  expected to resolve this matter.  Defense counsel will need additional time to consult with and

10  review the plea agreement with the defendant, conduct legal and factual research to ensure that

11  terms are appropriate, and to otherwise prepare.

12       c)    Counsel for defendant believes that failure to grant the above-requested

13  continuance would deny him/her the reasonable time necessary for effective preparation, taking

14  into account the exercise of due diligence.

15       d)    The government does not object to the continuance.

16       e)    In addition to the public health concerns cited by General Order 611 and

17  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

18  this case because:

19      &bull;    Counsel and other relevant individuals have been encouraged to telework and

20      minimize personal contact to the greatest extent possible.  It will be difficult to

21      avoid personal contact should the hearing proceed.

22       f)    Based on the above-stated findings, the ends of justice served by continuing the

23  case as requested outweigh the interest of the public and the defendant in a trial within the

24  original date prescribed by the Speedy Trial Act.

25       g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

26  et seq., within which trial must commence, the time period of April 20, 2020 to June 22, 2020 at

27  9:00 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

28  Code T4] because it results from a continuance granted by the Court at defendant's request on

1    the basis of the Court's finding that the ends of justice served by taking such action outweigh the

2    best interest of the public and the defendant in a speedy trial.

3         4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

4    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

5    must commence.

6         IT IS SO STIPULATED.

7

8

Dated:  April 15, 2020                          McGREGOR W. SCOTT
9                                               United States Attorney

10
                                                /s/ HEIKO P. COPPOLA
11                                              HEIKO P. COPPOLA
                                                Assistant United States Attorney
12

13

Dated:  April 15, 2020                          /s/ KELLY BABINEAU
14                                              KELLY BABINEAU
                                                Counsel for Defendant
15                                              KAREN LEE

16

17

18                         **FINDINGS AND ORDER**

19         IT IS SO FOUND AND ORDERED.

20         Dated:  April 15, 2020

21

WILLIAM B. SHUBB
22    UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28