KELLY BABINEAU  (CA State Bar #190418)
The Law Office of Kelly Babineau
455 Capitol Mall, Suite 801
Sacramento, CA 95814
Tel:(916) 442-4948
Fax: (916) 492-2909
kbabineau@klblawoffice.net

Attorney for KAREN LEE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>                              Plaintiff,<br><br>          v.<br><br>KAREN LEE<br><br>                         Defendants. | ) No. 2:09-CR-0438-02 WBS<br>)<br>) STIPULATION AND<br>)  FINDINGS AND ORDER<br>) TO CONTINUE STATUS CONFERENCE<br>) UNDER SPEEDY TRIAL ACT<br>)<br>) Date: March 22, 2021<br>) Time: 9:00 a.m.<br>) Judge: Hon. William B. Shubb |

STIPULATION

1.  By previous order, this matter was set for status on January 11, 2021.

2.  By this stipulation, defendants now move to continue the status conference until

March 22, 2021 at 9:00 a.m., and to exclude time between January 11, 2021 and

March 22, 2021, under Local Code T4.

3.  The parties first acknowledge the extraordinary global events since March 2020

and the General Orders issued by the Chief Judge of this District in response to

those events. On May 13, 2020, for the Chief Judge of this District issued

General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, the Chief Judge's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

4.  The parties agree and stipulate, and request that the Court find the following:

   a.  The government produced discovery associated with this case. The discovery thus far consists of over 43,000 pages, that have been provided to counsel. In addition, the government has also made physical evidence available for review, which includes several hard drives that were seized during the service of the search warrants.

   b.  Counsel and the government have been diligent in working towards a resolution in this matter. The parties have reached an agreement in principal to resolve this matter. The plea has been provided to counsel, but due to the constraints of COVID, counsel has not had an opportunity to fully discuss it with the client. Counsel has met with the client several times via zoom, but the process of reviewing discovery in conjunction

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

with the plea agreement is labor intensive and time consuming. Defense counsel needs more time to consult with and review the agreement with her client, conduct legal research to ensure it is appropriate and valid, and to otherwise effectively prepare. This process has been slowed due to the constraints of the COVID-19 pandemic.

c. Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based upon the above-stated facts, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 11, 2021, to March 22, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), Local Code T4, because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provision of the Speedy Trial Act dictate that additional time periods are excludable from

the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  January 6, 2021                    Respectfully submitted,

                                           /s/ Kelly Babineau
                                           KELLY BABINEAU
                                           Attorney for Karen Lee


Dated: January 6, 2021                     /s/ Heiko Coppola
                                           HEIKO COPPOLA
                                           Assistant U.S. Attorney

### FINDINGS AND ORDER


IT IS SO FOUND AND ORDERED.

Dated:  January 6, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

–4–