KELLY BABINEAU  (CA State Bar #190418)
The Law Office of Kelly Babineau
455 Capitol Mall, Suite 801
Sacramento, CA 95814
Tel:(916) 442-4948
kbabineau@klblawoffice.net

Attorney for KAREN LEE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,    ) | No. 2:09-CR-0438-02WBS |
| Plaintiff,                                             ) | |
|                                                              ) | STIPULATION AND |
| v.                                                        ) | FINDINGS AND ORDER |
|                                                              ) | TO CONTINUE STATUS CONFERENCE |
|                                                              ) | UNDER SPEEDY TRIAL ACT |
| KAREN LEE                                       ) | |
|                                                              ) | Date: March 7, 2022 |
| Defendants.                       ) | Time: 9:00 a.m. |
| _____) | Judge: Hon. William B. Shubb |

STIPULATION

1. By previous order, this matter was set for status on January 24, 2022.

2. By this stipulation, defendants now move to continue the status conference until March 7, 2022 at 9:00 a.m., and to exclude time between January 24, 2022 and March 7, 2022, under Local Code T4.

3. The parties first acknowledge the extraordinary global events since March 2020 and the General Orders issued by the Chief Judge of this District in response to those events. A series of General Orders issued by the Chief United States District Judge for the Eastern District of California address the pandemic, including

-1-

General Orders 612, 617, 618, 624, 628, 630, 631, 632 and 640. These general orders have resulted in restrictions to public access to federal courthouses in the Eastern District of California for most of the period since March 18, 2020. General Order 631 provided each district judge discretion to hold hearing in person or via remote conferencing beginning on June 14, 2021.

4. The parties agree and stipulate, and request that the Court find the following:

   a. The government produced discovery associated with this case. The discovery thus far consists of over 43,000 pages, that have been provided to counsel. In addition, the government has also made physical evidence available for review, which includes several hard drives that were seized during the service of the search warrants.

   b. Counsel and the government have been diligent in working towards a resolution in this matter. A plea agreement has been extended to the defense but there are ongoing negotiations. Due to the constraints of COVID, the process has taken longer than usual to resolve. Counsel has met with the client several times via zoom, and in person, but the process of reviewing discovery in conjunction with the plea agreement is labor intensive and time consuming. Defense counsel anticipated being able to work out the remaining issues over the last month, but contracted the flu and was working very limited hours.

   c. Defense counsel needs more time to consult with and review the agreement with her client, conduct legal research to ensure it is

appropriate and valid, and to otherwise effectively prepare. This process has been slowed due to the constraints of the COVID-19 pandemic.

    d. Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    e. The government does not object to the continuance.

    f. Based upon the above-stated facts, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 24, 2022, to March 7, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), Local Code T4, because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provision of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 19, 2022           Respectfully submitted,

         /s/ Kelly Babineau
         KELLY BABINEAU
         Attorney for Karen Lee

Dated: January 19, 2022           /s/ Heiko Coppola
         HEIKO COPPOLA
         Assistant U.S. Attorney

## FINDINGS AND ORDER

    IT IS SO FOUND AND ORDERED.

Dated:  January 21, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE